UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

SYDNEY REID

Defendant.

Case: 1:25-cr282 (SLS)

**MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF A SELF-DEFENSE INSTRUCTION**

"As a general proposition a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." *Mathews v. United States,* 485 U.S. 58, 63 (1988). "[E]ven if the defendant denies one or more elements of the crime, he is entitled to an entrapment instruction whenever there is sufficient evidence from which a reasonable jury could find entrapment." *Id.* at 62.

"[I]t is well established that a criminal defendant may raise inconsistent defenses, and is entitled to an instruction on any defense or lesser included offense whenever there is evidence sufficient for a reasonable jury to find in her favor, even when the defense and lesser included offense are inconsistent with each other." *United States v. Browner,* 889 F.2d 549, 555 (5 Cir.1989). *Browner* held that a defendant was entitled to a jury instruction that she did not intend to stab her husband, and, in the alternative, that she stabbed him in self-defense. *Id.*; *see also Arcoren v. United States¸*929 F.2d 1235, 1245 (8th Cir. 1991).

The Sixth Circuit has specified: "We hold that the right of a defendant in a criminal trial to assert self-defense is one of those fundamental rights, and that failure to instruct a jury on self-defense when the instruction has been requested and there is sufficient evidence to support such a charge violates a criminal defendant's rights under the due process clause. It is indisputably federal

1

law as announced by the Supreme Court that a defendant in a criminal trial has the right to "a meaningful opportunity to present a complete defense." *Taylor v. Withrow*, 288 F.3d 846, 852 (6th Cir. 2002).

The Ninth Circuit found that a self-defense instruction was required where the defendant allegedly turned and pointed a gun at two officers. *Lockridge v. Scribner*, 190 Fed.Appx. 550 (9th Cir. 2006). Two passers-by testified they did not see what precipitated the shooting but that they saw his hands in the air before shots were fired. *Id.* at 550, 551. The defendant testified that he was fired upon while his hands were in the air but that he never aimed or shot at the officers at all. *Id.* Recognizing that "the Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense," the court ruled that the refusal to instruct on the law of self-defense was error. *Id.* at 551.

Similarly here, the video evidence establishes that Officer Liang initially placed his hands on Ms. Reid, even though she was using no force and he was not arresting her. He drove her to the wall and continued to grab her. Even though Officer Liang "had her under control" and Ms. Reid "was not capable of getting close because Officer Liang had stopped her," Agent Bates grabbed Ms. Reid so hard that she left bruises. Moreover, *immediately before* the kneeing action, Officer Liang presses his knee in Ms. Reid's crotch and his hand on Ms. Reid's breast. There is no evidence of why Officer Liang pressed his knee into her crotch or his hand on her breast. There is also no evidence of what Officer Liang was doing with Ms. Reid's hands and why he was continuing to exert force.

Ms. Reid had her bruises photographed by her friend, Jessica Mason, demonstrating the excessive force used. During the incident, Ms. Reid, was continuously protesting that she was no closer than she had been when the Officer Liang had permitted her presence without grabbing her.

In other words, she was questioning why it was appropriate for the officers to place their hands and knee on her when she had done nothing wrong. This all occurred before she "raised her knee."

These facts and circumstances presents a question purely for the jury. There is evidence more than sufficient for a reasonable juror to believe that Ms. Reid's minimal use of force (a singular kneeing action that made no contact) was necessary because she actually and reasonably believed that she needed to raise her knee to defend herself. The defense respectfully requests that the Court provide the Parties' Proposed Instruction at ECF No. 62.

        Respectfully submitted,

        A.J. KRAMER
        FEDERAL PUBLIC DEFENDER
        _____/s/_____
        EUGENE OHM
        TEZIRA ABE
        Assistant Federal Public Defenders
        625 Indiana Ave., N.W., Suite 550
        Washington, D.C. 20004
        (202) 208-7500